# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARIE HECKEMEYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-04231-NKL |
| | ) |
| SHAYNE HEALEA, and | ) |
| ALLIED PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Marie Heckemeyer moves to remand this action to the Circuit Court of Boone County, Missouri for lack of subject matter jurisdiction. [Doc. 12.] For the following reasons, the motion to remand is granted.

**I.  Background**

On October 2, 2015, Plaintiff Marie Heckemeyer filed a Petition in the Circuit Court of Boone County, asserting a tort claim of negligence against one defendant, Shayne Healea. Heckemeyer's Petition alleges that on October 25, 2014, Healea negligently drove his vehicle into a restaurant's window and wall. At the time of the collision, Heckemeyer was seated at a table below the window struck by Healea's vehicle, and she suffered injuries as a result.

After filing her suit, Heckemeyer learned that Healea's liability insurance coverage was not enough to cover her alleged damages. Heckemeyer then filed a claim for underinsured motorist ("UIM") benefits with her own insurance company, Allied Property and Casualty Insurance Company. On May 27, 2016, Allied denied coverage of her UIM claim.

On June 9, 2016, Allied filed a Declaratory Judgment action in the United States District Court for the Eastern District of Missouri. The action seeks a declaration that Heckemeyer does not qualify for underinsured motorist coverage through her Allied Insurance Policy. Heckemeyer was served with the Declaratory Judgment action on June 22, 2016.

On June 29, 2016, Heckemeyer amended her Boone County Petition to join Allied as a defendant and to add her claims against Allied for breach of contract and vexatious refusal to pay. Allied was served with the Amended Petition on June 12, 2016.

On August 11, 2016, Defendants Healea and Allied removed this state court action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Allied is an Iowa corporation with its principal place of business in Iowa, making it a citizen of Iowa. Healea is a citizen of Missouri. At the time Heckemeyer filed her original suit in state court, she was also a citizen of Missouri. Some time after Heckemeyer filed her suit against Healea, she moved to Colorado. As a result, when she amended her Petition on June 29, 2016 to add Allied as a defendant, she was a citizen of Colorado.

Shortly after removing to this Court, Allied moved to dismiss for failure to state a claim. [Doc. 5.] On September 6, 2016, Heckemeyer moved to remand for lack of subject matter jurisdiction and moved to stay Allied's motion to dismiss. [Docs. 12, 14.] On September 8, 2016, the Court heard argument on Heckemeyer's pending motion to stay. The Court granted the motion and stayed Allied's motion to dismiss until after it had ruled on the motion to remand. [Docs. 14, 18.] Heckemeyer's motion to remand is now fully briefed.

In support of remand, Heckemeyer argues Healea's Missouri citizenship bars removal under 28 U.S.C. § 1441. Allied responds with three independent arguments for why

Heckemeyer's claims against Healea should not preclude removal:[1] (1) Healea must be dismissed as a fraudulently joined party; (2) Allied, itself, must be dismissed as a fraudulently joined party; and (3) the claims against Healea and Allied were fraudulently misjoined. Therefore, if the Court determines that Healea and Allied were not fraudulently joined or fraudulently misjoined, removal is barred by 28 U.S.C. § 1441(b)(2), and the Court lacks subject matter jurisdiction.

## II. Discussion

Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007) (citing *In re Business Men's Assurance Co. of America*, 992 F2d 181, 183 (8th Cir. 1993)).

In opposition to Heckemeyer's motion to remand, Allied argues fraudulent joinder, fraudulent misjoinder, and complete diversity at the time of filing.[2]

---

[1] In its Suggestions in Opposition to Plaintiff's Motion to Remand, Allied also makes arguments for why Heckemeyer's claims against it are "premature" and thus, should be dismissed. The Court does not address Allied's 12(b)(6) arguments because the dismissal of claims is a separate issue from the issue facing the Court: whether it has subject matter jurisdiction over the present action. Recognizing that subject matter jurisdiction is a threshold issue, the Court stayed the briefing and resolution of Allied's Motion to Dismiss until after it has ruled on the present Motion to Remand. Therefore, the Court considers only the parties' arguments related to its subject matter jurisdiction and leaves for another day whether Heckemeyer has failed to state a claim against Allied.

[2] In its alternative argument that complete diversity existed at the time of filing, Allied argues that diversity jurisdiction exists because Heckemeyer's citizenship should be determined at the time she amended her petition to add claims against Allied when she was a Colorado citizen, rather than at the time she filed her original lawsuit against Healea when she was still a Missouri citizen. The Court

3

### A. Fraudulent Joinder

Plaintiff Heckemeyer argues that remand to state court is required because Defendant Healea is a resident of Missouri, and therefore, removal to this federal court in Missouri is barred. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In response, Allied argues that Healea was fraudulently joined to defeat diversity. Allied argues that if Heckemeyer settled with or obtained a judgment against Healea, there is no reasonable basis supporting her claim against him.

As a second argument, Allied argues what it terms "fraudulent joinder" as to itself. Allied argues that *it* was fraudulently joined to Heckemeyer's state action against the resident defendant Healea in order to avoid federal jurisdiction, which Allied contends is available in its declaratory judgment action currently pending before the U.S. District Court for the Eastern District of Missouri. In support, Allied contends that Heckemeyer's claims against it are premature because a UIM claim does not arise until the underinsured tortfeasor has been found liable for damages exceeding the limits of his own liability insurance policy.

Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a *non-diverse* defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (emphasis added). The Eighth Circuit describes the fraudulent joinder standard as one of reason. *Filla*, 336 F.3d at 810 ("A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim."). Therefore, fraudulent joinder may exist "[w]here applicable state precedent precludes the existence of a cause of action against a

---

need not address this argument because even assuming all of the parties were diverse from one another, the case was improperly removed: Defendant Healea was a citizen of the state in which the suit was filed. *See* 28 U.S.C. § 1441.

4

defendant." *Id.* In contrast, fraudulent joinder does not exist "if there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged." *Id.*

### 1. Fraudulent Joinder of Healea

Allied does not dispute the reasonableness of Heckemeyer's negligence claim against Healea. Heckemeyer states a colorable negligence claim by alleging that Healea negligently drove his truck into a restaurant window, causing injuries to Heckemeyer as she sat below the window. Instead, Allied argues hypothetically that "*if* Plaintiff has settled or obtained a judgment against Healea there is no reasonable factual or legal basis supporting [her] claim against Healea, and therefore he has been [fraudulently] joined." [Doc. 20, p. 5.] The Court agrees that fraudulent joinder would exist in this hypothetical situation. However, Allied does not offer any argument or evidence showing this to be the case, and Heckemeyer denies the existence of any such settlement or judgment. [Doc. 13, p. 6.] Without any evidence before this Court to infer that Heckemeyer's claim against Healea no longer exists, the Court cannot find that her claim against him is not colorable. Therefore, Healea was not fraudulently joined.

### 2. Fraudulent Joinder of Allied

Allied also argues against remand by contending that Heckemeyer's claims against it are premature, and therefore, it should be dismissed as a fraudulently joined party. This argument is unsuccessful because the fraudulent joinder doctrine applies only to the joinder of a non-diverse or resident defendant whose presence destroys diversity jurisdiction. In this case, Healea, not Allied, is the non-diverse, resident defendant whose joinder defeats diversity; Allied is a diverse, non-resident citizen of Iowa.

5

The Eighth Circuit has not applied the fraudulent joinder doctrine to a non-resident, diverse defendant like Allied, and the Court is unaware of any cases in which such an argument has been accepted. Furthermore, "the purpose of th[e] [fraudulent joinder] exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (citing Wright & Miller, § 3723). In this case, dismissing the diverse, non-resident Allied as fraudulently joined would not serve this purpose. Heckemeyer's joinder of *Allied* does not hinder Allied's right to remove to federal court because Allied's own presence creates diversity, rather than defeats it. Besides, the fraudulent joinder doctrine is used by defendants to save subject matter jurisdiction and to keep the removed action in federal court. Dismissing Allied as fraudulently joined would produce the opposite result: a lack of subject matter jurisdiction over the action and a remand to state court.[3] Therefore, dismissing Allied under this doctrine would achieve little if any jurisprudential purpose. Allied's arguments for its own dismissal as a party can more appropriately be addressed in state court on a motion to dismiss, not in federal court on a motion to remand. Because this doctrine does not apply to the joinder of a diverse, non-resident defendant like Allied, the Court need not consider Allied's arguments for why it was fraudulently joined.

### B. Fraudulent Misjoinder

In the alternative, Allied argues that Heckemeyer's breach of contract claims against Allied have been "fraudulently misjoined" with her negligence claim against Healea. Fraudulent misjoinder is another exception to the complete diversity rule, but it has been adopted by only one appellate court—the Eleventh Circuit—and a few district courts. *See, e.g., Tapscott v. MS*

---

[3] After dismissal of Allied, Healea would be the only remaining defendant, a defendant who is a resident of Missouri. Accordingly, diversity would not exist, requiring remand for lack of subject matter jurisdiction.

6

*Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (cautioning that "mere misjoinder" is not fraudulent misjoinder, but holding that the plaintiffs' joinder of two groups of unrelated defendants was "so egregious as to constitute fraudulent [mis]joinder"). Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 621 (8th Cir. 2010) (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)). In this situation, "some courts have concluded that diversity is not defeated where the claim that destroys diversity has 'no real connection with the controversy' involving the claims that would qualify for diversity jurisdiction." *Id.*

In *Prempro Products Liability Litigation*, the Eighth Circuit considered the fraudulent misjoinder doctrine at length but neither adopted nor rejected it. *Prempro*, 591 F.3d at 621 ("[We] decline to either adopt or reject [the fraudulent misjoinder doctrine] at this time."). In *Prempro*, the plaintiffs sued many different manufacturers of hormone replacement therapy ("HRT") drugs and alleged that taking these drugs caused them to develop breast cancer. *Id.* at 617. The defendant manufacturers removed to federal court, arguing that the plaintiffs fraudulently misjoined their claims because their claims did not arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure 20(a). *Id.* at 618. In support, the defendants argued that the plaintiffs were residents of different states, prescribed different HRT drugs by different doctors for different lengths of time and in different amounts, and they suffered different injuries. *Id.* The district court agreed and held that the plaintiff's claims were fraudulently misjoined. *Id.*

7

The Eighth Circuit reversed, holding that the defendant manufacturers had not met their burden of establishing that the plaintiffs' claims had "no real connection to each other such that they were egregiously misjoined." *Id.* at 623. The Eighth Circuit went on to broadly define a "transaction" under Rule 20 as having a "flexible meaning" that could "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* at 622. Despite all of the differences in the plaintiffs' claims, the Eighth Circuit found that there could be a "palpable connection" between them because "they all relate[d] to similar drugs and injuries and the manufacturers' knowledge of the risks of HRT drugs." *Id.* at 623.

The Eighth Circuit went on to clarify that it made no judgment on whether the plaintiffs' claims were *properly* joined under Rule 20, which it suggested could be more appropriately decided in state court. *Id.* at 623. In a footnote, the Eighth Circuit opined, "Considering the uncertainty surrounding the propriety of the joinder of plaintiffs' claims, the preferable course of action may have been for defendants to challenge the misjoinder in state court before it sought removal." *Id.* at 624, n. 8 (citing 14B Charles A. Wright et al., *Federal Practice and Procedure* § 3723, at 658 (3d ed 1998) ("[T]he fraudulent-joinder doctrine and its allied jurisprudence adds a further level of complexity—and additional litigation—to a federal court's decision regarding removal jurisdiction . . . In many situations this confusion could be avoided by having the removing party challenge the misjoinder in state court before seeking removal.")). Ultimately, the Eighth Circuit declined to adopt or apply the fraudulent misjoinder doctrine in *Prempro* because it was not clear that the joinder was "so egregious and grossly improper under the broadly-interpreted joinder standards" to warrant the doctrine's application. *Id.* at 624.

8

The Court however, need not resolve the applicability of this rarely used doctrine because the Court is not persuaded that Heckemeyer's claims against Allied and Healea were fraudulently misjoined.

Echoing the defendants in *Prempro*, Allied contends that Heckemeyer's claims lack any common questions of law or fact. As support, Allied argues the claims against it are contractual while the claim against Healea is a tort claim. In addition, Allied argues that the claims do not assert joint, several, or alternative liability. The Court disagrees. Here, Allied's fraudulent misjoinder argument is weaker than that rejected by the Eighth Circuit in *Prempro*. All of Heckemeyer's claims are related to the accident on October 25, 2014, which gave rise to her injuries. Despite the difference in Heckemeyer's claims—one for negligence sounding in tort and the other two sounding in contract law—at least a "palpable connection" exists because all of the claims relate to whether and to what extent Healea is liable to Heckemeyer. In turn, these claims further relate to whether Allied is liable to Heckemeyer for any resulting difference in damages between those she suffered and those covered by Healea's liability insurance. Heckemeyer's claims share common questions of fact, including negligence, causation, and damages. They will also rely on much of the same evidence.

Like the Eighth Circuit in *Prempro*, this Court declines to decide whether Heckemeyer's claims are merely misjoined under Rule 20, a matter that can be decided more appropriately in state court. Rather, the Court decides only whether these claims are *fraudulently* misjoined: whether they are so lacking in any real connection to one another that they are egregiously misjoined such that a finding of diversity jurisdiction is warranted. Because Heckemeyer's claims relate to the same incident, the Court cannot say that Heckemeyer's joinder of her claims against Allied is sufficiently egregious and improper to constitute fraudulent misjoinder.

9

For the previous reasons, Heckemeyer's claims against Allied and Healea are neither fraudulently joined nor fraudulently misjoined. Accordingly, Defendant Healea's Missouri citizenship bars removal, and the Court lacks subject matter jurisdiction. Therefore, this matter is remanded to state court for lack of subject matter jurisdiction.

### III. Conclusion

For the previous reasons, Plaintiff's Motion to Remand, [Doc. 12], is granted.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 31, 2016
Jefferson City, Missouri